FLEISCHER v. STEINFELD et al.

(Supreme Court, Appellate Term.   February, 1911.)

1. SALES (§ 389*)—BREACH BY BUYER—VERDICT—ISSUES DETERMINED.
    A decision on a cause of action for breach of buyers' contract in re-
fusing in advance to accept goods still to be manufactured did not neces-
sarily involve decision on another cause of action for the buyers' re-
fusal to accept an installment tendered.
    [Ed. Note.—For other cases, see Sales, Dec. Dig. § 389.*]

2. TRIAL (§ 134*)—PROVINCE OF JURY—CONFLICTING EVIDENCE.
    It is the jury's province to find upon sharp issues of fact.
    [Ed. Note.—For other cases, see Trial, Cent. Dig. § 317;   Dec. Dig. §
134.*]

Appeal from City Court of New York, Trial Term.

Action by Rudolph Fleischer against Samuel Steinfeld and another,
partners as Steinfeld Bros.   From an order setting aside a verdict
for plaintiff, he appeals.   Reversed, and verdict reinstated.

Argued before SEABURY, PAGE, and BIJUR, JJ.

House, Grossman & Vorhaus (Herman Joseph, of counsel), for
appellant.

Maurice B. & Daniel W. Blumenthal, for respondents.

BIJUR, J.   The complaint states two causes of action:   The first
for damages of some $1,200 for breach of contract in refusing in
advance to accept about 400 dozen "Teddy Bears" still to be manu-
factured and delivered by plaintiff to defendants under a contract
for 500 dozen bears; and the second for approximately $300 for
defendants' failure to accept and pay for the third installment of
such bears, consisting of 33 dozen tendered by plaintiff to defendants.

The jury returned a verdict for $53.50, being manifestly the dif-
ference between $300 claimed in the second cause of action, and the
amount received by plaintiff on his sale of this installment of bears
after the defendants had refused to receive them.

The learned trial judge was of the opinion that the jury, having
sustained the second cause of action, must have concluded that the
plaintiff had established his right to a recovery on the first cause of
action also, and that the failure to give damages for the breach of
the contract as a whole can be justified only on the ground that they
believed that no damages were proven, which the learned judge finds
to be contrary to the evidence on that point, or, at least, to the weight
of evidence.   On a careful examination of the record, however, it
seems to me that a determination of the issues on the first cause of
action in favor of the plaintiff involved in no way a decision as to the
merits of the second cause of action.   The jury must have found that
the installment of 33 dozen bears tendered to the defendants corre-
sponded to sample and should have been accepted and paid for, and
therefore awarded damages for the refusal as prayed for and proved
under this cause of action.

*For other cases see same topic & § NUMBER in Dec. & Am. Digs. 1907 to date, & Rep'r Indexes

It was admitted by the plaintiff that the remaining 400 dozen bears had not been manufactured or tendered; plaintiff claiming only that defendants had by an absolute refusal to accept any more of these goods, committed an anticipatory breach of the contract. This was flatly denied by defendants, who claimed, on the contrary, that they had told plaintiff that they would hold him to his contract and demanded its fulfillment, but that plaintiff immediately thereupon served the summons and complaint in this action and failed to deliver any further goods. On this sharp issue of fact, the jury were perfectly entitled to, and undoubtedly did, believe defendants, and such belief amply sustained the verdict—equivalent to finding that defendants prevailed on the first cause of action.

Order reversed, and verdict reinstated, with costs. All concur.